IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **ERCOLE USA, LLC.,** | )<br>) |
| **Plaintiff,** | )<br>) |
| | ) Case No. _____ |
| v. | )<br>) Judge |
| | )<br>) JURY DEMAND |
| **BOCA TECH AND AUTOMATION** **Formerly known as BOCA THEATER AND AUTOMATION,** | )<br>)<br>)<br>)<br>) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff Ercole USA, LLC (hereinafter "Plaintiff" or "Ercole"), for its Complaint against Defendant, Boca Tech and Automation, formerly known as Boca Theater and Automation, (hereinafter "Defendant" or "Boca" or "BTA"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking injunctive and monetary relief arising from Defendant's ongoing and intentional infringements of Plaintiff's federally-registered copyrights under 17 U.S.C. § 101, *et seq.*, in several commercial photographs in connection with its business services and products. Plaintiff is entitled to the relief sought because a License Agreement between Plaintiff and the original author of the work grants Plaintiff the exclusive right to exploit the copyrighted work.

## PARTIES

2. Plaintiff Ercole is a limited liability company that is organized and existing under the laws of the State of Florida with its principal place of business located in Boca Raton, Florida at 3350 NW Boca Raton Boulevard., Suite A28, 33431.

3. Defendant Boca Tech and Automation is, on information and belief, a profit corporation formed under the laws of the state of Florida with its principal place of business located in Boca Raton, Florida at 9020 Kimberly Boulevard, 33434.

## VENUE & JURISDICTION

4. This Court has original subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claims for relief alleged herein arise under the laws of the United States— specifically, the Copyright Act, 17 U.S.C. § 101 *et seq*.

5. This Court has personal jurisdiction over Defendant because, among other things, Defendant is doing business in the State of Florida and this judicial district and acts of infringement complained of herein occurred in the State of Florida and in this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and § 1400(b) in that the Defendant has a regular and established place of business in this district.

**FACTS**

**A.     The Copyrighted Work**

7.      Plaintiff is a security company and a pioneer in the residential security sector. Since 2010, Plaintiff has designed, sold and installed improved home security products like Fortified Ballistic Security's windows and doors.

8.      As opposed to passive security systems, Plaintiff's custom security doors and windows provide fortified, safe environments that are impenetrable, and offer a level of safety and security that is unmatched in the industry, without compromising the client's desired aesthetics.

9.      Plaintiff's products are custom made by Italian company Ercole, slr, using hand-crafted Italian coverings, including wood, stone, leather, fabric and other synthetic materials.

10.     All of Plaintiff's products have been subjected to strict tests that provide certification of quality. For example, Plaintiff's doors and windows are certified to withstand hurricane-grade conditions, which satisfies Florida's stringent HVHZ ("High Velocity Hurricane Zones") building standards.

11.     Plaintiff operates an internet website under the domain name www.customsecuritydoors.com. Various webpages of Plaintiff's website use and contain Plaintiff's intellectual property. Website content includes specific and helpful information about Plaintiff's expertise and its products for potential customers. The website is also intended to build Plaintiff's brand, generate new business and attract new customers, as well as to sell products.

12.     Plaintiff's website content also includes photographs of Plaintiff's products. Plaintiff's commercial photographs (the "Copyrighted Work" or "Work") are wholly original,

and Ercole is the exclusive licensee of all rights, title, and interest, including all rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq*., and all amendments thereto) (the "Copyright Act"), in the copyrighted work, to copy, reproduce, distribute, publish, display, or license the reproduction, distribution, publishing and/or display the Copyrighted Work, throughout the United States.

13. Plaintiff registered the collection of photographic works with the United States Copyright Office. On April 30, 2020 Plaintiff received for those works United States Copyright Registration Number VAu 1-393-164 (Group Registration of Unpublished Photographs), which is valid and enforceable. A true and correct copy of the Certificate of Copyright Registration for the Copyrighted Work is attached hereto as **Exhibit A**.

14. Because the purpose of Plaintiff's website is to inform, brand, and sell its products, the Copyrighted Work is of significant value to Plaintiff. Plaintiff has made substantial investment in promoting and selling its products in connection with the Copyrighted Work.

**B.** **The License**

15. Plaintiff's windows and doors are made in Italy by Ercole, slr, and its skilled, experienced artisans. Plaintiff works directly with Ercole, slr, to create and design its products, with custom details including size, color, finishes, accents, and handles. Plaintiff's products are then shipped worldwide. Plaintiff has worked in partnership with Ercole, slr, since at least 2011.

16. Ercole, srl, the original author and creator of the Copyrighted Work, created multiple photographs specifically for Plaintiff's use—on its website, and in connection with promoting and selling Plaintiff's products. Plaintiff, with express permission, has used Ercole, srl's photographs since at least 2011.

17.     Pursuant to an exclusive license agreement, Ercole, srl, granted to Plaintiff an exclusive license "to reproduce, distribute, and display, exhibit and publicly publish" the Copyrighted Work. A true and correct copy of the license agreement is attached hereto as **Exhibit B**.

C.     **Defendant's Infringing Conduct**

18.     On information and belief, Defendant is engaged in the business of residential and commercial automation, including custom home security. Defendant's products include custom made doors and windows to prevent forced entry.

19.     Plaintiff and Defendant shared a showroom space from approximately 2015 to July 2019. Plaintiff also supplied products to Defendant which Defendant sold on its website and in its showroom during that time period. To facilitate sales and inform customers of Plaintiff's products, Plaintiff provided certain photographs and other supporting materials as early as 2017 through 2018, including portions of the Copyrighted Work, to Defendant for use on Defendant's website in connection with the sale of Plaintiff's products only.

20.     Plaintiff, at all times relevant, was the exclusive owner and licensee of the Copyrighted Work. Other than for use with the sale of Plaintiff's products, Defendant was expressly excluded from using the Copyrighted Work. Further, no implied license was created or granted by Plaintiff to Defendant under the circumstances or by the parties' course of dealing.

21.     Defendant terminated its business relationship with Plaintiff in 2020 and began purchasing products from competitors of Plaintiff. Defendant discontinued the sale of all of Plaintiff's products through or by Defendant.

22.     Because the Plaintiff's products were no longer being sold by Defendant, Plaintiff requested that Defendant immediately remove the Copyrighted Work from Defendant's website

and cease all further use of the Copyrighted Work. On information and belief Defendant made copies of the Copyrighted Work. Without Plaintiff's authorization Defendant continued to use the Copyrighted work on its website, located at URL https://bocatech.com/.

23. Defendant was and is directly infringing the Copyrighted Work. Defendant has reproduced, distributed, published and is displaying portions of the Copyrighted Work on its website in connection with the promotion and sale of its own goods to improve the quality of Defendant's website and to attract competing customers. Attached hereto as **Exhibit C** are true and correct photographic depictions and copies of representative activities showing Defendant's infringing use of the Copyrighted Work on its website www.bocatheater.com/services/security.

24. Defendant never licensed the Copyrighted Work from Plaintiff, or had Plaintiff's permission to copy, reproduce, distribute, publish or display the Copyrighted Work.

25. Defendant did not credit Plaintiff as the owner of the Copyrighted Work.

26. On information and belief, Defendant's intentional, infringing conduct was undertaken to reap the aesthetic benefit and value associated with the Copyrighted Work. By failing to obtain Plaintiff's authorization to use the Copyrighted Work or to compensate Plaintiff for the use, Defendant has avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Work, as well as the restrictions that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether.

27. On May 7, 2020, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's unauthorized reproduction, distribution, publishing or displaying the Copyrighted Work, specifically as to the following individual photographs: FBS Photo 15; FBS Photo 184; FBS Photo 481; FBS Photo 738; FBS Photo 740; and FBS Photo 742, and seeking

compensation for Defendant's infringing conduct. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's counsel's May 7, 2020 cease and desist letter to Defendant.

28. On June 2, 2020, Defendant's counsel responded to Plaintiff's counsel's May 7, 2020 letter denying Defendant's infringing use of the Copyrighted Work.

29. On June 19, 2020, Plaintiff's counsel sent another letter to Defendant objecting to Defendant's ongoing infringement, as well as Defendant's subsequent and new infringing use of the Copyrighted Work, specifically as to the following individual photographs: FBS Photo 81; FBS Photo 135; FBS Photo 712, and seeking compensation for Defendant's past infringing conduct, as well as the separate infringing conduct that accrued subsequent to Plaintiff's counsel's May 7, 2020 letter. Attached hereto as **Exhibit E** is a true and correct copy of Plaintiff's counsel's June 19, 2020 cease and desist letter to Defendant.

30. To date, Plaintiff has no evidence that Defendant has complied with the demands set out in Plaintiff's counsel's May 7, 2020 and June 19, 2020 cease and desist letters or is no longer infringing the Copyrighted Work.

## COUNT I:
## FEDERAL COPYRIGHT INFRINGEMENT

31. Plaintiff repeats and realleges paragraphs 1 through 28, as if fully set forth herein.

32. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant. The Copyrighted Work is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

33. At all relevant times, Defendant had complete and continuing access to the Copyrighted Work.

34. Defendant, without permission or consent and without any compensation to Plaintiff, directly infringed the Copyrighted Work by reproducing the commercial photographs in

copies for use on Defendant's website, in violation of 17 § U.S.C. 106(1). Defendant, without permission or consent and without any compensation to Plaintiff, infringed the Copyrighted Work by copying, reproducing, distributing, publishing or publicly displaying the commercial photographs at URL www.bocatech.com, in violation of 17 U.S.C. § 106(5).

35. Defendant has violated Plaintiff's exclusive rights to reproduce, distribute, publish and display the Copyrighted Work. Defendant's actions constitute direct infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101, *et seq*.

36. Upon information and belief, Defendant's identical copying and exploitation of the Copyrighted Work were willful, in disregard of, and with indifference to, Plaintiff's rights.

37. As a result of Defendant's actions, Plaintiff has been directly damaged, and is continuing to suffer substantial damage to its business, in the form of diversion of trade, loss of profits, and a dilution of the value of its right, by the unauthorized reproduction, distribution, publishing and public display of the Copyrighted Work. Defendant has never accounted to or otherwise paid Plaintiff for its use of the Copyrighted Work. As a result of Defendant's infringement of the Copyrighted Work, Plaintiff is entitled, pursuant to 17 U.S.C. § 504(b), to its damages and/or Defendant's profits from the infringement.

38. Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) of up to $150,000 for the willful infringement of the Copyrighted Work.

39. As a direct and proximate result of Defendant's willful conduct, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Ercole respectfully requests judgment as follows:

1. Adjudging Defendant to have infringed upon Plaintiff's copyrights in the Copyrighted Work in violation of the Copyright Act 17 U.S.C. § 501; and

2. Awarding Plaintiff the greater of (a) Plaintiff's actual damages, and/or Defendant's profits attributable to its infringement of Plaintiff's copyrights, or (b) alternatively, statutory damages of up to $150,000 per work, pursuant to 17 U.S.C. § 504, the precise amount to be determined by the trier of fact in this action; and

3. Enjoining Defendant, its officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with it, from infringing the Copyrighted Work pursuant to 17 U.S.C. § 502; and

4. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

5. Declaring that Defendant's infringement was committed willfully pursuant to 17 U.S.C. § 504; and

6. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums; and

7. Awarding such other and further general relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

1/31/2021                                             Respectfully submitted,


/s/ Rebekah L. Shulman
**Christian Barker** (TN Bar No. 31016)
**Rebekah L. Shulman** (TN Bar No. 27537)
SHACKELFORD BOWEN MCKINLEY & NORTON LLP
1 Music Circle South, Ste. 300
Nashville, Tennessee 37203
P: (615) 329-4440
F: (615) 329-4485
cbarker@shackelford.law
rshulman@shackelford.law


**Scott Behren** (FL Bar No. )
BEHREN LAW FIRM
1930 N. Commerce Parkway, Ste. 4
Weston, Florida 33326
P: (954) 636-3802
F: (772) 252-3365
Scott.behren@gmail.com

*Attorneys for Plaintiff Ercole USA, LLC*