UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **ERCOLE USA, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 9:21-cv-80202-AMC |
| | ) | |
| | ) | |
| | ) | Aileen M. Cannon, Judge |
| **BOCA TECH AND AUTOMATION** | ) | |
| **Formerly known as BOCA** | ) | |
| **THEATER AND AUTOMATION.** | ) | Jury Trial Demanded |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF ERCOLE USA, LLC'S RESPONSE TO
DEFENDANT BOCA TECH AND AUTOMATION'S MOTION TO DISMISS
FILED PURSUANT TO FED. RULE CIV. P. 12(b)(1) AND 12(b)(6)**

Plaintiff Ercole USA, LLC ("Plaintiff" or "Ercole"), files its response to the Motion to Dismiss of Defendant Boca Tech and Automation, formerly known as Boca Theater and Automation ("Defendant" or "BTA"), filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I.   INTRODUCTION

This is a copyright infringement action for which Plaintiff Ercole seeks relief pursuant to the U.S. Copyright Act, 17 § 101, *et seq*. Defendant BTA pursues dismissal of the Complaint by alleging that (1) this Court lacks subject matter jurisdiction; and (2) the Complaint fails to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Civil Rules of Federal Procedure.

To the contrary, this Court has subject matter jurisdiction over this matter. *See* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.")

Further, Plaintiff pleads each element of a claim for copyright infringement. The Complaint clearly and sufficiently (1) identifies the original works that are the subject of Plaintiff's claim for infringement; (2) asserts ownership in and to the registered copyrighted works as evidenced by the Certificate of Registration attached to the Complaint; and (3) alleges the infringing acts and time period in which Defendant infringed the protected elements of the photographic works at issue. *See* Complaint ¶¶ 12-13; 27-29; *see also* Exhibit A to Complaint, Registration No. VAu 1-393-164; FBS Photo 15; 81; 135; 184; 481; 712; 738; 740; and 742; *see also* Exhibit C; D; and E to Complaint with screenshots demonstrating Defendant's unauthorized use of Plaintiff's works on Defendant's website.

## II.   FACTUAL BACKGROUND

Plaintiff Ercole owns a security company, operating as Fortified & Ballistic Security (FBS).[1] Since 2010, Plaintiff has designed, sold, and installed improved home security products like FBS windows and doors.

David Vranicar was employed by Defendant BTA from 2014 to July 2019. Separate and apart from David's employment with BTA, David owned and operated Ercole, which he operates to this day. An Italian company, Ercole Srl., is the manufacturer and supplier of FBS's products.

During David's employment with BTA, the parties entered into an agreement whereby in exchange for BTA providing free rental space to FBS, David, acting on behalf of FBS, upgraded BTA doors and sold FBS products to BTA. At that time, FBS and BTA were not competitors.

---

[1] Ercole USA, LLC d/b/a Fortified & Ballistic Security (FBS).

Being the owner of FBS and the purchaser of its products, as early as 2011 David occasionally traveled to Italy to meet with Ercole Srl., the manufacturer of FBS windows and doors. Ercole Srl. provided photographs to Plaintiff, which it authored, for the purpose of promoting FBS products designed and built by Ercole Srl. Ercole Srl. granted Plaintiff the exclusive right to use these photographs. Ercole Srl. and FBS operated under an oral license arrangement until they entered into the Joint Photography License Agreement. *See* Exhibit B to the Complaint. The License Agreement grants FBS the exclusive right to use Ercole Srl.'s photographs, memorializing the oral agreement under which Ercole Srl. and Plaintiff previously had been operating. *See id*.

Plaintiff also hired professional photographers to take photographs of FBS's products, including those products manufactured by Ercole Srl., to use in promoting FBS and FBS products.

### III.  LEGAL STANDARD

The Defendant has moved to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.

**A.      This Court has Subject Matter Jurisdiction**

Federal jurisdiction of Plaintiff's Complaint is premised on the U.S. Copyright Act. Both subject matter jurisdiction and the merits of Plaintiff's infringement action against Defendant require the construction, interpretation, and application of authorship, including the work for hire doctrine of copyright law.

Motions to dismiss under Rule 12(b)(1) are either facial or factual. *Morrison v. Amway Corp.,* 323 F.3d 920. 924 n. 5 (11th Cir. 2003). "A 'facial attack' on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty*., 501 F.3d 1244, 1251 (11th Cir. 2007)

3

(*quoting Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). However, on a factual attack of subject matter jurisdiction,"[a] court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action (citation omitted)."

If the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action and a defendant challenges facts separate and apart from the merits of plaintiff's cause of action, then:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Lawrence v. Dunbar,* 919 F.2d at 1528-29 (*quoting Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)).

On the other hand, if an attack on subject matter jurisdiction does implicate an element of the cause of action, then:

> [T]he proper course of action for the district court is. . . to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. . . the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 (citation omitted).

*Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997).

Defendant's attack on subject matter jurisdiction implicates the merits of Plaintiff's claim for copyright infringement—that Plaintiff is the exclusive owner of the works and therefore has standing to bring this claim for copyright infringement. *Clark v. Tarrant County*, 798 F.2d 736, 741-2 (5th Cir. 1986) (finding that "where a factual attack on subject matter jurisdiction implicates the merits of a plaintiff's cause of action, a court should find that jurisdiction exists unless the cause of action is 'immaterial or is wholly insubstantial and frivolous'").

Further, the question of subject matter jurisdiction and the merits are considered intertwined where the statute provides both the basis of federal court subject matter jurisdiction and the plaintiff's cause of action. *Yela v. Trending Media Grp., Inc.*, No. 19-21712-CIV, 2020 WL 6271044, at *2 (S.D. Fla. Sept. 10, 2020) (*citing Sun Valley Gas v. Ernst Enterprises, Inc.,* 711 F.2d 138, 139 (9th Cir.1983). The Copyright Act, 17 U.S.C. § 101, *et seq.*, provides both Plaintiff's substantive claim for relief, as well as federal subject matter jurisdiction over Plaintiff's claim.

**B.     Plaintiff Adequately Pleads Copyright Infringement Against Defendant**

Plaintiff has a well-pleaded claim for copyright infringement because Plaintiff alleged both elements of copyright infringement—ownership of a valid copyright and copying by Defendant. *Feist Pub'lns., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To satisfy the first element, "a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities." *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (*quoting Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995)). To satisfy the second prong, the plaintiff must establish that the "alleged infringer actually copied plaintiff's copyrighted material." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing* FED. R. CIV. P. 8(a)(2)). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The standard of facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556).

Copyright infringement does not require a heightened standard of pleading. *Klein & Heuchan, Inc. v. Costar Realty Information, Inc.*, 2009 WL 963130, at *2 (M.D. Fla. April 8, 2009). Accordingly, to state a claim for copyright infringement, Plaintiff need only set forth that (1) it owns a valid copyright in the work; and (2) defendant copied protected elements from the copyrighted work. *Code Revision Comm'n for Gen. Assembly of Georgia v. Public.Resource.Org, Inc.*, 906 F.3d 1229, 1236 (11th Cir. 2018); *see* FED. R. CIV. P. 8(a)(2)(requiring that a complaint contain "a short and plain statement of the claim," giving a defendant fair notice of the claim and the grounds upon which it rests).

Whether it is a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim, the Court is required to construe the complaint in the light most favorable to the plaintiff, and accept all the facts alleged by the plaintiff as true. *Morris v. ADT Sec. Services*, 580 F. Supp. 2d 1305, 1308 (S.D. Fla. 2008) (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Lawrence*, 919 F.2d at 1529.

## IV.  ARGUMENT

**A.  Plaintiff Is the Owner of the Copyrighted Works**

Under the Copyright Act, only the "legal or beneficial owner of an exclusive right under a copyright" may "institute an action for any infringement of that particular right while he or she is the owner of it." 17 U.S.C. § 501(b); *see also Home Design Servs., Inc. v. Park Square Enters., Inc.*, 2005 WL 1027370, *2 (M.D.Fla. May 2, 2005). Accordingly, "only the legal or beneficial owner of an 'exclusive right' has standing to bring a copyright infringement action" under the Copyright Act. *Saregama India Ltd. v. Mosley,* 635 F.3d 1284, 1290–91 (11th Cir.2011).

Plaintiff indisputably alleges that it owns a valid copyright in and to the protectable elements of the photographs. *See* Complaint, ¶ 20; *see also* Exhibit A to the Complaint. The copyright registration certificate is *prima facie* evidence of ownership and that the works were

6

properly registered in compliance with the applicable requirements and identifying Plaintiff's status as a copyright claimant on the Certificate. *See* 17 U.S.C. § 410(c) (a certificate of registration is admissible in an infringement action as "prima facie evidence of the validity of the copyright and of the facts stated in the certificate").

Plaintiff holds all rights in and to the copyrighted photographs which are the subject of this lawsuit because (1) Plaintiff is the holder of a transfer of all rights granted by the original author, Ercole Srl. (FBS Photos 15; 81; 135; 184; 712; 738; 740; and 742), or Plaintiff specially commissioned the photograph and therefore is the author and owner under the work for hire doctrine (FBS Photo 481). *See* Complaint ¶ 20.

Because Plaintiff is the owner of the copyrighted photographs Plaintiff has standing to sue for infringement.

**B.      The Work For Hire Doctrine Does Not Destroy Plaintiff's Standing**

Defendant asserts that Plaintiff lacks standing as an owner of the copyrighted photographs because Plaintiff does not own a valid copyright under the work for hire provisions of the Copyright Act. Specifically, Defendant argues (1) photography is not an enumerated activity which may be done under 17 U.S.C. § 101(2); (2) the works were not created by an employee or specially commissioned by Plaintiff as a work made for hire; and (3) a written instrument was not signed before the photographs were created.

A copyright "vests initially in the author or authors of the work." 17 U.S.C. § 201. Under the "work made for hire" provisions in 17 U.S.C. § 101, employers are considered authors. A "work made for hire" is a work prepared by an "employee within the scope of his or her employment" or a "work specially ordered or commissioned" within nine specified categories. *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 738 (1989). When a work falls within the nine categories, it can be a work made for hire if "the parties expressly agree in a written

instrument signed by them that the work shall be considered a work made for hire." § 101. For an item to be a commissioned work, then, the parties must agree in advance that that is what it will be. *Schiller & Schmidt, Inc. v. Nordisco Corp.,* 969 F.2d 410 (7th Cir.1992).

    1.    <u>Photographs May Be Registered As Works Made For Hire</u>

Plaintiff does not need to establish that the works fall within one of the nine categories of § 101(2) for authorship. Pursuant to U.S.C. § 408(c)(1), the Register of Copyrights has determined that a group of unpublished photographs may be registered in Class VA with one application. Photographs may be registered as works made for hire if all the photographs are identified in the application as such. Plaintiff's works are registered as a group of unpublished photographs, pursuant to 37 C.F.R. 202.4(h)(5). *See* Registration Certificate VAu 1-393-164 (effective date of registration: April 30, 2020).

    2.    <u>Mistakenly Identifying Works-Made-For Hire is Not Fatal</u>

In fact, with the exception of one photograph (FBS Photo 481) at issue in this lawsuit, the photographs are not the product of "works made for hire". Plaintiff mistakenly included multiple photographs by different authors in the same registration application, contrary to the condition that "[a]ll the photographs must be created by the same author." 37 C.F.R. 202.4(h)(5).

Plaintiff's application mistake is not fatal to its copyright registration or its standing to sue for copyright infringement. A mistake on a copyright application relating to whether the work was one "made for hire" and owned by a company or owned individually by the sole employee or owner of that company is not a mistake which invalidates the copyright unless detrimental reliance or fraud can be shown by the party challenging the copyright. *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1156 (9th Cir. 2010).

In the Eleventh Circuit, fraud or intentional concealment of relevant information must be shown to render a registration invalid due to omissions and misrepresentations in a copyright

application. *Ultra-Images, LLC v. Franclemont*, No. 05-60538-IV, 2007 WL 4557148, at *3 (S.D. Fla. Dec. 20., 2007); *see Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586 (7th Cir. 2003).

Therefore, even if Plaintiff misstated that the subject work was a "work made for hire" in its copyright application, it does not constitute a basis to invalidate Plaintiff's copyright.

3. <u>FBS Photo 481 is Subject to the Work-For-Hire Doctrine</u>

One photograph at issue here, however, was specially commissioned by Plaintiff (FBS Photo 481). "Once it is established that a work is made for hire, the hiring party is presumed to be the author of the work." *Buday v. New York Yankees P'ship*, 486 F. App'x 894, 898 (2d Cir. 2012) (*citing Playboy Enters., Inc. v. Dumas,* 53 F.3d 549, 554–55 (2d Cir.1995). The presumption can be overcome by evidence of a contrary agreement, either written or oral.

Plaintiff has plead sufficient facts to show that it owns photograph FBS Photo 481 by virtue of its certificate of registration. While Plaintiff may need to provide evidence of the work for hire relationship, to prove it has standing to enforce the copyrighted FBS Photo 481, at this stage Plaintiff need only *allege* ownership. *See Affordable Aerial Photography, Inc. v. Illustrated Props. Real Estate*, No. 9:16-cv-80109, 2016 WL 8786785, at *2 (S.D. Fla. May 3, 2016) ("plaintiff need only allege, not prove, ownership"); *See also Twombly*, 550 U.S. at 555.

Further, as discussed above, a copyright registration will not be rendered invalid for a misrepresentation unless there is evidence of fraud. To comply with 37 C.F.R. 202.4(h)(5), Plaintiff is permitted to correct the current registration by removing all photographs that are not "works made for hire" from the application and make a new application for registration identifying those photographs Plaintiff owns by assignment. *See* 37 CFR 202.4(h)(5) (all the photographs must be created by the same author); *see* 37 CFR 202.6 (permits the claimant to correct an error in a copyright registration or to amplify the information given in a registration).

### C.      Plaintiff Sufficiently Pled Ownership in and to the Copyrighted Photographs

1.      Ercole USA is the Exclusive Licensee

Plaintiff alleges that at all times relevant, it "was the exclusive owner and licensee" of the copyrighted works.[2] (Complaint, ¶ 20). A transfer of copyright ownership is valid if there is "an instrument of conveyance, or a note or memorandum of the transfer" that "is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a).

The requirement that work for hire agreements are to be executed in writing, as well as assignments made pursuant to 17 U.S.C. § 204 (a), protect copyright holders from third parties fraudulently claiming oral licenses.

However, many courts, including the Eleventh Circuit, have held that 17 U.S.C. § 204(a) can be satisfied by an oral assignment later ratified or confirmed by a written memorandum of the transfer. *Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529 (11th Cir. 1994); *see also Imperial Residential Design, Inc. v. Palms Development Group*, 70 F.3d 96 (11th Cir. 1995) (adopting the reasoning of courts which have held that a copyright owner's later execution of a writing which confirms an earlier oral agreement validates the transfer *ab initio*). The *Rutenberg* Court further explained,

> [S]ince the purpose of the provision is to protect copyright holders from persons mistakenly or fraudulently claiming oral licenses, the 'note or memorandum of the transfer' need not be made at the time when the license is initiated; the requirement is satisfied by the copyright owner's late execution of a writing which confirms the agreement . . . In this case, in which the copyright holder appears to have no dispute with its licensee on this matter, it would be anomalous to permit a third-party infringer to invoke this provision against the licensee. *(quoting Eden Toys, Inc. v. Florelee Undergarment Co., Inc.,* 697 F.2d 27 (2d Cir.1982).

---

[2] Copyright law treats an exclusive license like a transfer. Section 101 excludes non-exclusive licenses from the definition of transfer of copyright ownership. *See also* 17 U.S.C. §§ 106; 204(a).

*Rutenberg Homes*, 29 F.3d at 1532.

Moreover, a registration is not invalidated even if was secured prior to executing the written assignment or exclusive license.

> [T]he regulations respecting registration do not clearly preclude issuance of a copyright to an applicant who has only received oral assignment prior to the registration since a 'claimant' includes 'a person or organization that has obtained . . . *the contractual right* to claim legal title to the copyright in an application for copyright registration.' 37 C.F.R. § 202.3(a)(3)(ii) n. 1 (emphasis added).

*Id.* at 1533.

There is no dispute between Ercole Srl. and Plaintiff regarding Plaintiff's rights in and to the photographs. Plaintiff was the owner of the photographs at the time of registration because it had a contractual right to claim title, initially made by oral agreement, but that was later reduced to writing. *CBS Broad., Inc. v. EchoStar Commc'ns Corp.,* No. 98-2651-CIV, 2003 WL 27387389, at *6 (S.D. Fla. Apr. 1, 2003) (explaining that the Court will not disturb such a transfer of rights where no dispute exists between the copyright holder and the licensee). The Plaintiff does not need protection from third parties fraudulently claiming ownership or licenses because Ercole Srl., the licensor, does not dispute ownership. Ercole Srl. willingly entered into a later executed written license that is retroactive to the oral agreement previously made with Plaintiff.

    2.    <u>Contractual Language Does Not Negate Plaintiff's Licensee Status</u>

The Joint Photography License Agreement transfers to Plaintiff the exclusive rights in and to the copyrighted works satisfying the writing requirement imposed by 17 U.S.C. § 204(a). *See* Exhibit B to the Complaint. The fact that the Agreement also contains a work for hire provision does not negate the assignment. *See Zyware, Inc. v. Middlegate, Inc.*, No. 96 CIV. 2348 (SHS), 1997 WL 685336, at *4 (S.D.N.Y. Nov. 4, 1997) (upholding transfer agreement that first provided that the works were works for hire, but alternatively: "to the extent that such materials, under

applicable law, may not be considered works made for hire, [plaintiff] hereby assigns to [defendant] the ownership of all copyrights in such materials . . . ").

Plaintiff, the exclusive licensee of the Joint Photography License Agreement, is the owner of the copyrighted photographs for purposes of copyright registration. As the owner, Plaintiff has standing to sue and recover damages for the Defendant's infringement.

## V. CONCLUSION

For all these reasons, Plaintiff requests that this Court deny Defendant's Motion to Dismiss and conclude that the Court has jurisdiction over this matter and that Plaintiff has standing to pursue its claim for copyright infringement against the Defendant. In the interest of justice, should the Court find the Complaint deficient, the Court should allow Plaintiff an opportunity to move for leave to file an amended Complaint.

March 12, 2021                                  Respectfully submitted,

/s/ Rebekah L. Shulman
**Rebekah L. Shulman** (TN Bar No. 27537), *Pro Hac Vice*
SHACKELFORD BOWEN MCKINLEY & NORTON LLP
1 Music Circle South, Ste. 300
Nashville, Tennessee 37203
P: (615) 329-4440
F: (615) 329-4485
rshulman@shackelford.law

**Scott Behren** (FL Bar No. 987786)
BEHREN LAW FIRM
1930 North Commerce Parkway, Ste. 4
Weston, Florida 33326
P: (954) 636-3802
F: (772) 252-3365
scott@behrenlaw.com

*Attorneys for Plaintiff Ercole USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on the following registered ECF participants, electronically via the Court's ECF filing system at the email address registered with the Court:

Stephen A. Mendelsohn
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite. 2000
Fort Lauderdale, Florida 33301
Tel: (954) 768-8225
Email: mendelsohns@gtlaw.com

Craig S. Krummen
GREENBERG TRAURIG, P.A.
90 Suth 7th Street, Suite 3500
Minneapolis, Minnesota 55402
Tel: (612) 259-9719
krummenc@gtlaw.com

*Attorneys for Defendant Boca Theater and Automation*

/s/ Rebekah L. Shulman
Rebekah L. Shulman